UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

PEDRO LUIS GONZALEZ,
and all others similarly situated
pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),

v.

JK HIALEAH, LLC, a foreign
limited liability company,

    Defendant
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, PEDRO LUIS GONZALEZ, (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, JK HIALEAH, LLC ("Defendant") for federal overtime wage violations under the Fair Labor Standards Act ("FLSA") and alleges the following:

### INTRODUCTION

1. Defendant automatically deducted 30 minutes per shift from Plaintiff and all other similarly situated individuals for a meal period they could not take. Plaintiff and all other similarly situated individuals often worked more than forty (40) hours per week and were not completely relieved of their duties for the 30-minute meal period. As a result of this policy, Defendant deprived

1

Plaintiff and dozens of other employees of federal overtime wages during the course of the previous three (3) years.

2. This action arises under the FLSA, pursuant to 29 U.S.C. § 201-216, to recover all federal overtime wages that Defendant refused to pay Plaintiff and all other similarly situated employees as a result of Defendant's automatic meal deductions.

3. Plaintiff seeks certification of the following collective under 29 U.S.C. § 216(b) for violation of the FLSA:

**Automatic Meal Deduction Collective: All maintenance workers employed by Defendant in Hialeah Gardens, Florida, within previous 3 years, who had a 30-minute meal period automatically deducted from their pay and worked 40 more hours per week.**

## PARTIES

4. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise sui juris.

5. During all times material hereto, Defendant was a foreign limited liability company located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

6. Defendant is headquartered at 7707 NW 103rd St., Hialeah Gardens, FL 33016.

7. Plaintiff worked for Defendant in Hialeah Gardens, Florida.

8. During all times material hereto, Defendant was vested with control and decision-making authority over the scheduling, hiring, firing, day-to-day operation, and pay practices that pertained to Plaintiff.

9. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

10. All acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

11. Defendant regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

12. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C.§ 216(b) and 28 U.S.C. § 1391(b).

## PLAINTIFF'S WORK FOR DEFENDANT

13. Defendant owns and operates the Holiday Inn located at 7707 NW 103rd St. in Hialeah Gardens, Florida.

14. Defendant hired Plaintiff, PEDRO LUIS GONZALEZ, on or about April 5, 2023, as a non-exempt, hourly maintenance worker.

15. Plaintiff, PEDRO LUIS GONZALEZ, earned approximately $15 per hour from on or about April 5, 2023, until on or about December 8, 2023.

16. Plaintiff was terminated on December 8, 2023 by Defendant.

17. Plaintiff's primary job duties included, but were not limited to: inspecting and repairing plumbing, lighting, kitchen equipment, floors, doors, etc.

18. During all times material hereto, Plaintiff's schedule is/was Monday through Friday from 7am to 4pm pm or 8 am to 5 pm, daily. Accordingly, Plaintiff worked approximately 45 hours per week.

19. During all times material hereto, Defendant automatically deducted 30-minutes from Plaintiff each day of work for a meal period even though they were not completely relieved of their duties.

20. During all times material hereto, Defendant was aware or constructively aware that Plaintiff was not completely relieved of their duties for the purposes of a meal period during the 30-minute period that Defendant automatically deducted from Plaintiff.

21. Defendant's practice of making automatic 30-minute meal deductions caused overtime wage violations during workweeks when Plaintiff worked 40 or more hours.

## FLSA COVERAGE

22. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant's business and Plaintiff's work for it affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

23. During his employment with Defendant, Plaintiff and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: telephones, extension cords, pencils, pens, paper, tape, keyboards, envelopes, computers, cables, stamps, markers, staplers, staples, hammers, screw drivers, tape measures, drills, pliers, chisels, vacuums, wrenches, saws, , masks, boxes, levelers, hand sanitizer, etc.

24. Defendant also regularly employed two (2) or more employees for the relevant

4

time period, who handled the same or similar goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

25. Defendant had gross annual revenues in excess of $500,000.00 in the years 2020, 2021 and 2022 and is expected to have gross annual revenues in excess of $500,000.00 in 2023.

26. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not have discretion to make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

27. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

## COLLECTIVE ALLEGATIONS

28. Plaintiff brings this FLSA claim on behalf of himself and all similarly situated maintenance workers who work or have worked for JKH or who performed such duties who elect to opt into the FLSA claims asserted in this action.

29. Plaintiff and current and former maintenance workers customarily and regularly performed non-exempt physical or manual work. That is, the primary duties of Plaintiff and similarly situated maintenance workers consisting of inspecting and repairing heating and cooling systems, plumbing, flooring, lighting, and kitchen equipment.

30. Plaintiff and current and former maintenance workers rarely, if ever, exercise true discretionary power in connection with matters of significance.

31. Plaintiff and current and former maintenance workers were no and are not relatively free from supervision in connection with matters of significance.

32. Plaintiff and current and former maintenance workers are not required to have any advanced training or prolonged course of specialized intellectual instructions as a condition to gaining employment with Defendant.

33. Plaintiff and current and former maintenance workers were not required to obtain a particular academic degree before becoming employed by Defendant.

34. Members of the collective are treated equally and similarly in Miami, Florida, in that they were denied full and proper federal overtime wages as a result of automatic meal deductions that are made when maintenance workers work more than forty (40) hours in a workweek and are not completely relieved of duties during the purported meal period.

35. Defendant's automatic meal deduction is a common policy or plan that uniformly leads to overtime wage violations with respect to each and every maintenance worker who works in excess of forty (40) hours in a workweek.

36. Defendant has employed dozens of hourly maintenance workers in Florida who were not paid federal overtime wages as a result of Defendant's automatic meal deduction policy over the course of the previous three (3) years.

37. Plaintiff and the class members were subjected to the same employment policies and worked the same schedule while employed by Defendant in Hialeah Gardens, Florida.

38. Plaintiff and the class members performed the same or similar job duties for Defendant and were not compensated federally mandated overtime wages during the previous three (3) years.

39. Defendant failed to keep accurate time and pay records for Plaintiff and all members of the putative collective, to designate when, if ever, Plaintiff and collective members were completely relieved of duties for the purpose of a meal period.

40. Defendant's records uniformly misrepresent that Plaintiff and the members of the collective took a lunch break, even they were not completely relieved of their duties and worked consistently through any purported meal periods.

41. Defendant further failed to keep accurate time and pay records to designate the *full amount of hours* worked by Plaintiff and other maintenance workers during each workweek within the relevant time period.

42. Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I

### FEDERAL OVERTIME WAGE VIOALTIONS – 29 U.S.C. § 207
### (AUTOMATIC MEAL DEDUCTION COLLECTIVE)

43. Plaintiff hereby re-allege and re-aver Paragraphs 1 through 42 as though set forth fully herein.

44. Plaintiff alleges this Collective Action Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

45. Defendant refused to pay Plaintiff and all other similarly situated employees one-and-one-half times their regular hourly rate for all hours worked over forty (40) in one or more weeks of their employment.

46. Defendant automatically deducted 30 minutes per day from Plaintiff and all other similarly situated maintenance workers for a meal period which they were not able to take, including during workweeks when Plaintiff and other similarly situated maintenance workers worked over forty (40) hours.

47. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following similarly situated Collective:

**All Maintenance Workers employed by Defendant in Hialeah Gardens, Florida within the previous 3 years, who had a 30-minute meal period automatically deducted from their pay and worked 40 or more hours per week.**

48. Plaintiff claims the applicable federal overtime wage rate for all unpaid work over forty (40) hours per week during their employment.

49. Defendant willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

50. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

51. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, PEDRO LUIS GONZALEZ, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JK HIALEAH, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, PEDRO LUIS GONZALEZ, demand a trial by jury on all appropriate claims.

**Dated: December 14, 2023**

**FRIEDMAN, RODMAN FRANK & ESTRADA, P.A.**
Attorneys for Plaintiff

        3636 West Flagler Street
        Miami, FL 33135
        T. 305-448-8585
        F. 305-448-9818

        BY: s/Jake Vigil
        JAKE R. VIGIL ESQ.
        F.B.N. 1041289
        RONALD D. RODMAN, ESQ.
        F.B.N. 664332

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing documents was filed via CM/ECF on December 14, 2023.

        BY: s/Jake Vigil
        JAKE R. VIGIL ESQ.
        F.B.N. 1041289

## **SERVICE LIST**